333 F.2d 145
 UNITED STATES of America
v.
BANKERS NATIONAL LIFE INSURANCE COMPANY, Norma F. Van Etten, Lillian Vickers and Bruce Vickers, also known as Boris Victorov,
Bankers National Life Insurance Company, Appellant.
 No. 13957.
 United States Court of Appeals Third Circuit.
 Argued April 5, 1963.
 Submitted October 12, 1963.
 Decided April 10, 1964.
 
 Roger H. McGlynn, Newark, N. J. (McGlynn, Stein & McGlynn, Newark, N. J., on the brief), for appellant Bankers Nat. Life Ins. Co.
 John B. Jones, Jr., and Joseph Kovner, Attys., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Michael A. Mulroney, Attys., Dept. of Justice, Washington, D. C., David M. Satz, Jr., U. S. Atty., on the brief), for appellee.
 Before BIGGS, Chief Judge, and McLAUGHLIN, KALODNER, STALEY, HASTIE, GANEY and SMITH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal presents an issue identical with one of those decided today in United States v. Sullivan, 333 F.2d 100, and United States v. Wilson, Massachusetts Mutual Life Insurance Company, Appellant, 333 F.2d 137. It is unnecessary to set out the facts relating to the instant appeal for they appear sufficiently in the opinion of the court below, reported at 198 F.Supp. 727 (1961), and in the "Tabulation of Information re Life Insurance Policies" which is appended to the Sullivan opinion and which is incorporated in this opinion by reference. It must be borne in mind that those portions of the "Tabulation" which are enclosed by parentheses cannot be found in the records of this and the other four cases. Sufficient facts appear of record in the instant case, however, to make possible a disposition of the controversy in the view we take of it.
 
 
 2
 The issue presented involves automatic premium loans of the same kind as were involved in the Sullivan and the Massachusetts Mutual cases, supra. We hold here as we did in the two cases cited that the United States was not entitled to recover for automatic premium loans effected before the entry of judgment in the proceedings in the court below. Consequently, judgment has been entered for the United States in an amount in excess of that to which it was entitled.
 
 
 3
 For the reasons set forth in the Sullivan and Massachusetts Mutual opinions, the judgment will be vacated and a new trial will be ordered.
 
 
 4
 HASTIE, J., dissents for the reasons stated in his dissenting opinion in United States v. Sullivan, 333 F.2d 121.